IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DOUGLAS R. JOHNSON | § | CASE NO.08-36584-H4-11 |
| | § | (Chapter 11) |
| DEBTOR | § | |
| | § | |

### AMENDED OBJECTION OF MELANIE JOHNSON TO ENGAGEMENT/EMPLOYMENT AND APPEARANCE OF SPECIAL COUNSEL

To the Honorable Jeff Bohm, United States Bankruptcy Judge:

COMES NOW, Melanie E. Johnson, a creditor and party in interest herein on behalf of herself and her minor children (M. Johnson), to file this her Amended Objection to Engagement/Employment and Appearance of Special Counsel seeking this Court not to allow John F. Nichols, Sr. to appear as an attorney for Douglas R. Johnson, the Debtor and Debtor in Possession in the above-captioned case or to disallow any compensation for any appearance for his initial failure to seek employment pursuant to §§327(a) and (c )and 328 of the Bankruptcy Code (BAPCPA) and for failing to comply with Bankruptcy Rules of Procedure 2014 and 2016 and as contrary to the requirements of §327(e) and adverse to the interest of this estate as follows:

### I.
### Jurisdiction

1. Douglas R. Johnson ("Johnson" or "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on or about October 13, 2008. Johnson is a debtor in possession pursuant to §§1107 and 1108 of the Bankruptcy Code in control of his business operations and assets.

2. This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§1334(a) and 11 U.S.C §§327 and 328 and Bankruptcy Rules of Procedure 2014 and 2016.

## II.
## Factual Background

3. Melanie Johnson ("M. Johnson" or "Movant") is the former wife of Johnson. M. Johnson was divorced from Johnson on January 25, 2008, the date that a Final Decree of Divorce (the "Johnson Divorce Decree") was entered in the 245th Judicial District Court of Harris County, Texas in Cause No. 2005-57846 styled In the Matter of the Marriage of Douglas R. Johnson and Melanie E. Johnson and in the Interest of ***** Johnson and ****** Johnson, Children (the "Children"). The Final Decree of Divorce is a final judgment agreed to by the parties and effected both the dissolution of the marriage and the division of property.

4. M. Johnson is the parent managing conservator of the Children and brings this Objection on their behalf as well as her own.

5. On or about January 29, 2010, Debtor filed his Motion to Modify Decree in Suit Affecting the Parent-Child Relationship and for Modification of Property Division (the "Motion to Modify") on the eve of the final hearing of the Motion of Melanie Johnson for Relief from Automatic Stay Concerning Non-Exempt Personal Property. This Court continued that Motion and set both for hearing on March 2, 2010. John F. Nichols, Sr. signed the Debtor's Motion to Modify as "Proposed Special Counsel for Debtor-in-Possession." Since the filing of the Debtor's Motion to Modify until March 1, 2010, no application for employment or disclosures as required by BAPCPA or the Bankruptcy Rules of Procedure (Rules 2014 and 2016) requesting the employment of John F. Nichols, Sr. had been filed. Only after M. Johnson filed her initial objection to the engagement/employment of Mr. Nichols, did the application for employment of Mr. Nichols get filed.

6.      Mr. Nichols represented the Debtor in the above-referenced divorce suit and is a signatory to the Final Decree of Divorce entered in such cause.  As such, he may be a witness in any hearing on modification of the Final Decree of Divorce.

7.      The Debtor's Motion to Modify seeks modification of both child support and property divisions provisions in the Final Decree of Divorce (which is attached as an Exhibit to the Motion to Modify).  The Motion references two circuit court cases (not out of the 5th Circuit) as legal authority for this Court to modify the divorce obligations and provisions of the Final Decree of Divorce.

.                                                              **III**
                                                      **Relief Sought**

8.      BAPCPA §327 © permits the trustee with the Court's approval to employ special counsel if it is in the best interest of the estate and if such attorney does not represent any interest adverse to the debtor or to the estate with respect to the matters on which such attorney is to be employed.  It would appear that the employment of Mr. Nichols is solely for the benefit of the Debtor not for the benefit of the estate.  At a minimum this estate should not bear the additional expense of an attorney who is seeking to use the Debtor's bankruptcy as a sword rather than a shield.

9.      Further, any attorney representing a debtor in a bankruptcy case has disclosure requirements under § 329.  The cost of additional counsel should not be borne by this bankruptcy estate.  Debtor has employed competent counsel, Mr. Cavalier,  with the approval of this Court.  Now, Debtor seeks to add additional expense by bringing in special counsel solely, it appears, to aid the Debtor, not the estate, with respect to nondischargeable obligations to M. Johnson and the Children arising out of the Final  Decree of Divorce.  Because of the defaults by Debtor in meeting his obligations to M. Johnson under the terms of the Final Decree of Divorce, she is not financially able to retain special counsel to defend such Decree, if such Decree needs defending.  If, as the

Debtor's Motion to Modify states, the relief sought therein is based on change of circumstances, then Mr. Cavalier, the duly-appointed attorney representing the Debtor is competent to represent the Debtor at the hearing thereon.  Federal bankruptcy law, not state law, likely governs the issues the Court will consider in the Motion to Modify and M. Johnson's Motion for Allowance of Administrative and Priority Expenses and her discharge complaint.  Further, the Debtor's Motion to Modify is clearly designed to aid the Debtor, not the estate.  The estate should not be forced to bear the Debtor's burden.  At present both the Debtor's earnings and his interest in property, including, but not limited to, what the Debtor might receive through the bankruptcy estates of Johnson Broadcasting, Inc. and Johnson Broadcasting of Dallas, Inc. constitute property of this estate and the estate should not be diminished further solely for the Debtor's benefit.  Further, every day the Debtor is in greater arrears to the support and maintenance of M. Johnson and the Children, so burdening this estate with engagement of a very expensive special counsel is detrimental to M. Johnson and the Children as creditors and, therefore, to other creditors of the estate.

10.     Debtor's counsel repeatedly stated in Court and at depositions that he was filing an application to employ Mr. Nichols, but substantially delayed filing the application.  If an application had been filed, M. Johnson would have had an opportunity to object and the Court could have conducted a hearing to determine whether such employment was in the best interest of the estate, whether Mr. Nichols was a creditor of the Debtor, what financial arrangements the Debtor had and has with Mr. Nichols and other matters into which the Court and creditors can inquire in the employment and disclosure processes required by BAPCPA and the Bankruptcy Rules.  Further, although Mr. Nichols states in his Declaration that he holds no interest adverse to the estate, M. Johnson is a major creditor of this estate.  Mr. Nichols' firm now employs an attorney who worked with the law firm representing M. Johnson in her divorce from Douglas Johnson.  The employment

of such attorney, Robin Klein, presents a conflict of interest as Ms. Klein was employed until recently by the Earl Lilly law firm which represented M. Johnson in her divorce case from Douglas Johnson..  M. Johnson does not waive the conflict of interest Ms. Klein employment by Mr. Nichols' firm creates and Mr. Nichols failed to disclose the conflict..

11.     M. Johnson also objected to the propositions of law on which Debtor and his counsel based Debtor's Motion to Modify.  Debtor cites to the case of *In re Williams,* 703 F. 2d 1055 (8th Cir. 1983), a discharge case involving whether certain debts under a divorce decree were dischargeable. Under the bankruptcy law in force and effect at that time, bankruptcy courts had to determine whether divorce decree obligations were in the nature of support and, therefore, nondischargeable or were part of a property settlement and, thereby, potentially dischargeable.    The cited case of *In re Sorah,* 163 F.d 3rd 397 is also a discharge case.  In the *Sorah* case the issues involved whether monthly payments were in the nature of support or maintenance and, thereby, nondischargeable obligations.  The *Sorah* case was decided even before the amendments to the Bankruptcy Code by the 1994 Bankruptcy Reform Act..  The Sixth Circuit notes in the decision the 1994 amendments to the Code made "most divorce-related obligations nondischargeable."  Since the 1994 amendments, BAPCPA passed making all,  or substantially all, of discharge obligations nondischargeable whether they are in the nature of support or arising out of a property settlement.  Section 523(a)(15) was amended to make nondischargeable a debt to a former spouse (not included in § 523(a)(15)) "that is incurred by the debtor in the course of a divorce . . ., a divorce decree or other order of the court of record, *or* a determination made in accordance with State law . . ." and without limitation as to the debtor's financial circumstances.  Therefore, the Debtor's financial circumstances should not come into play with respect to most sections of the Divorce Decree under current bankruptcy law.

Neither case stands for the proposition that this Court can modify the rights of a party under the divorce decree pursuant to State law, although this Court believes that it has the jurisdiction to do so.  Having jurisdiction does not require a court to exercise that jurisdiction.  Certainly, this Court can determine whether a debt is dischargeable or nondischargeable, but such determination requires an adversary which M. Johnson has filed.  The House Report No. 109-31, Pt. 1, 109th Cong. 1st Sess. 61 (2005) specifically addresses § 523(a)(15) which states that "Section 215(3) amends section 523(a)(15) to provide that obligations to a spouse, former spouse, or a child of the debtor (not otherwise describe in section 523(a)(5) incurred in connection with a divorce decree or separation or related action are nondischargeable irrespective of the debtor's inability to pay such debts."

12.     The cases cited by Debtor are not just inapplicable law as a result of the changes to § 523(a)(5) and (15), along with other related changes, they do not support the Debtor's argument that this Court can somehow change the provisions of a divorce decree from an agreed upon contract with respect to the division of property, determine it to be spousal support and modify it.  For example in the case of *Strader v. Burks*, 2006 WL 3497263 (Tex.App.-San Antonio 2006) a debtor sought to have contractual alimony reclassified from alimony or support to a property settlement which, under then current bankruptcy law, might be dischargeable.  While the *Strader* court did not rule on the dischargeability issue, it commented in Footnote 2 as follows:

> We note that it appears the obligation [contractual alimony provision] would be considered alimony under federal law.  "Under bankruptcy law, the intent of the parties at the time a[n] . . agreement is executed determines whether a payment pursuant to the agreement is alimony, support or maintenance. *In re Evert,* 342 F.3d 358, 368 (5th Cir. 2003). . . . .The section on alimony states that its "[p]urpose is to effect the parties' "mutual desire . . . to provide a continuing measure of support for [Burks] after [the] divorce.". . . .

Nothing in bankruptcy law or State court law permits this Court to modify a contract outside of the purview of confirming a plan of reorganization.  M. Johnson asserts that the Debtor's Motion to

Modify is not based on applicable law and that, because of the lack of merit to the Motion as a whole, this Court should not allow Mr. Nichols to appear in any capacity, much less as special counsel to the Debtor under the circumstances where the estate is not being benefitted.

WHEREFORE, PREMISIES CONSIDERED, Melanie E. Johnson, on behalf of herself and the Children, request that this Court deny John F. Nichols, Sr. the right to appear and be heard on behalf of the Debtor Douglas Johnson with respect to the Debtor's Motion to Modify Decree in Suit Affecting the Parent-Child Relationship and for Modification of Property Division; deny him engagement as special counsel for Debtor; and grant M. Johnson such other and further relief, at law and in equity, as is just.

Respectfully submitted,
/s/Marilee A. Madan
Marilee A. Madan
State Bar No. 12789100
Fed. I.D. No. 2992
3109 Avalon Pl.
Houston, Texas 77019
Telephone:   713-355-3375
Facsimile:    713-355-3303
Email:          mamadan@sbcglobal.net

Attorney for Melanie E. Johnson

## **CERTIFICATE OF SERVICE**

      Please be advised that the undersigned hereby certifies that a true and correct copy of the foregoing Amended Objection has been served upon counsel and parties listed below and to other parties requesting notice via the ECF electronic notification system, via electronic mail notification, or facsimile this 12th day of May, 2010.

                                             /s/Marilee A. Madan
                                             Marilee A. Madan

Craig H. Cavalier    *Attorney for Debtor Douglas Johnson*
3355 West Alabama, Suite 1160
Houston, Texas 77098

Stephen Statham
U. S. Trustee
515 Rusk Street, Ste. 3516
Houston, Texas 77002

John O. Nichols, Sr.
Fulbright Tower
1301 McKinney, Suite 2975
Houston, Texas 77010